# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-244 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Timothy John Adams, | |
| Defendant. | |

Bradley M. Endicott & Andrew R. Winter, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Aaron J. Morrison, Wold Morrison Law, Suite 705, 331 Second Avenue South, Minneapolis, MN 55401 (for Defendant Timothy John Adams).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Government's Motion for Discovery (ECF No. 16);

2. Defendant's Motion to Compel Attorney to Immediately Disclose Brady and Giglio Evidence (ECF No. 19);

3. Defendant's Motion for Disclosure of Rule 404(b) Evidence (ECF No. 20);

4. Defendant's Motion to Retain Rough Notes (ECF No. 21); and

5. Defendant's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (ECF No. 22).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 16) is **GRANTED**. The motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. At the hearing, Defendant had no objection to the motion. Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure. Defendant shall make his expert disclosures no later than 14 days prior to trial.

2. Defendant's Motion to Compel Attorney to Immediately Disclose Brady and Giglio Evidence (ECF No. 19), is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks evidence favorable to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Specifically, Defendant requests: (1) any identification of persons other than Defendants by eyewitnesses to the crime; (2) any failure to identify Defendant by any eyewitness to the crime; (3) all statements of any witnesses, whether indicted or not, in any way exculpating Defendant; (4) all statements of any witnesses, whether indicted or not, which contradict statements of other witnesses; (5) any reports of interviews relating to requests 3 and 4; (6) any fingerprints, handwriting, and other scientific evidence that was not identified with this Defendant; (7) any items seized from individuals not charged which tend to identify them with commission of elements of the offenses charged in the indictment of the crime; (8) any prior convictions, and all documents and reports reflecting the circumstances of and compensation for, prospective government witnesses; (9) any offers or promises made to prospective government witnesses to induce their cooperation

against Defendant, whether or not the government intends to call those persons as witnesses; and (10) a copy of all videotapes and audiotapes of events relating to the offenses charged in the indictment, in both their original, unenhanced, and adulterated forms. The Government responds that it is aware of its obligations under *Brady*, *Giglio*, and their progeny, and that it has complied and will continue to comply fully with said obligations. (Gov't Resp., at 2). The Government objects to the extent that Defendant's motion seeks materials outside the requirements of *Brady*, *Giglio*, and their progeny. (Gov't Resp., at 2, ECF No. 24).

The Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. To the extent Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

3. Defendant's Motion for Disclosure of Rule 404(b) Evidence, (ECF No. 20), is **GRANTED** as follows: Defendant requests that the Government "give notice of its intention to use at the trial, either in its direct case, during the cross-examination of Defendant, or in its rebuttal case," evidence of "other crimes, wrongs, or acts," as that term is used in Fed. R. Evid. 404(b), including the: (1) dates, times, places, and person involved in said other crimes, wrongs, or acts; (2) the statements of each participant in said other crimes, wrongs, or acts; (3) the documents that contain evidence of said other crimes,

3

wrongs, or acts, including when the documents were prepared, who prepared the documents, and who had possession of the documents; and (4) the issue or issues on which the Government believes such other crimes, wrongs, or acts evidence is relevant to Fed. R. Evid. 404(b). Defendant also requests that the Government give the same notice of its intention to use evidence of "specific instances of conduct" as that term is used in Fed. R. Evid. 608(b), including: (1) dates, times, places, and person involved in said other crimes, wrongs, or acts; (2) the statements of each participant in said other crimes, wrongs, or acts; and (3) the documents that contain evidence of said other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents, and who had possession of the documents. The Government indicates it is aware of its obligations under Rule 404. (Gov't Resp., at 2, ECF No. 24). At the hearing, the parties agreed to a two-week deadline before trial for the disclosure of Rule 404(b) evidence.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

4

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

4. Defendant's Motion to Retain Rough Notes (ECF No. 21), is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence. (Gov't Resp., at 2, ECF No. 24). Therefore, the Government shall direct its agents involved in this case, including any confidential informants, to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

5. Defendant's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (ECF No. 22) is **GRANTED** as follows: Defendant seeks discovery materials, including statements, the prior criminal record of Defendant, items material to the preparation of his defense, results or reports of physical or mental examinations, scientific tests and experiments, and written summaries of testimony. The Government noted that is has already complied with Rule 16 and is aware of its ongoing duty to disclose. (Gov't Resp. at 2-3). The Government further notes that it is aware of its obligations concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702-705 and agreed to a disclosure deadline of two weeks before trial. (Gov't Resp. at 5–6). The Government shall therefore fully comply with its

obligations under Fed. R. Crim. P. 16 and Fed. R. Evid. 702–705 and it shall disclose its experts and a summary of their testimony no later than two weeks before trial. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: February 25, 2019

       *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Adams*
Case No. 18-cr-244 (NEB/TNL)