UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-244 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Timothy John Adams, | |
| Defendant. | |

Bradley M. Endicott & Andrew R. Winter, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government).

On February 27, 2019, the Government filed an *ex parte* Motion of the United States for a Protective Order (ECF No. 34). On March 1, 2019, the Court ordered that the Government file a supplemental memorandum addressing several questions the Court had regarding the scope and nature of the proposed protective order. (ECF No. 35). The Government filed its supplemental memorandum on March 7, 2019. (ECF No. 37).

The Federal Rules of Criminal Procedure permit this Court, upon a showing of good cause, to issue a protective order restricting or denying discovery or inspection in any manner. Fed. R. Crim. P. 16(d)(1). Good cause may be shown by a written statement that is inspected *ex parte* by the Court. *Id.* "The burden of showing good cause is on the party seeking the order." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (citation and internal quotation marks omitted). The Court may consider any number of factors in determining whether good cause exists, including the safety of witnesses and the

1

"danger of perjury or witness intimidation[.]" *Id*. "[O]nce a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order." *United States v. Johnson*, 314 F. Supp. 3d 248, 251 (D.D.C. 2018). This includes the authority to "place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). The Court may not, however, issue a protective order that would prejudice a defendant's substantial rights. *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978).

The Court has reviewed the Government's *ex parte* motion and supplemental memorandum. The facts and assertions contained in both documents show not only good cause as required, but also compelling cause for a protective order. Furthermore, given the sensitive nature of the information contained in each document, the Government has also demonstrated good cause for seeking the protective order *ex parte*. The Court will therefore grant the Government's motion.

In reaching this decision, the Court has carefully considered the impact that the protective order would have on Adams's ability to defend himself in this matter. For multiple reasons, the protective order will not inhibit Adams's substantial rights. First, there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Second, the protective order allows defense counsel full access to the discovery materials and allows counsel to review those materials with Adams. Third, the protective order does not restrict the use of those materials at trial or any other

proceeding. The Court therefore concludes the restrictions proposed by the Government are reasonable in light of the good cause shown.

Based on the files, records, and proceedings herein, and for the reasons stated above,

**IT IS HERBY ORDERED** that:

1. Any of the government's discovery in this case obtained by counsel for Timothy John Adams, co-counsel, or an agent or investigator working under the supervision of counsel (collectively referred to as the "defense team") shall at all times remain in the custody of the defense team. Such materials may be shown or disclosed by the defense team to Adams but shall not be left with Adams.

2. At the conclusion of the case, whether by guilty plea or the exhaustion of appeals, defense counsel must return to the Court or Government all discovery, including copies made during the course of the representation. Any documents returned to the Government must be maintained for at least 10 years from the date of the final appeal of Adams.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: March 8, 2019

       *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Adams*
Case No. 18-cr-244 (NEB/TNL)