# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-244 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| TIMOTHY JOHN ADAMS, | |
| Defendant. | |

This matter is before the Court on Defendant Timothy John Adams' objection to the February 25, 2019 Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung. [ECF No. 32.] Judge Leung recommends denying Defendant's motion to suppress the search and seizure completed in this case. [ECF No. 23.] The Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2. Based on that review, the Court accepts the R&R.

The undisputed facts are clearly set forth in the R&R and are incorporated by reference for purposes of Adams' objections. Adams argues Judge Leung erred in finding that Trooper Otterson had reasonable suspicion to extend the traffic stop to initiate a dog sniff. Specifically, Adams argues that the following factors should not have been considered: (1) Investigator Wilhelmy's conclusion that Adams is a Native Mob gang member, (2) prison phone conversations regarding drug sales, (3) the multiple cell phones and air fresheners found inside the vehicle, and (4) Adams' and his wife's

nervousness during the traffic stop. The Court overrules Adams' objections and finds the extension of the traffic stop was permissible under the Fourth Amendment.

First, Adams argues that Investigator Wilhelmy improperly concluded that Adams is a gang member because he failed to identify at least three criteria of the BCA Gang Criteria. *See State v. Lopez-Rios*, 669 N.W.2d 603, 610 n.2 (Minn. 2003) (listing the criteria: (1) admits gang membership or association; (2) is observed to associate on a regular basis with known gang members; (3) has tattoos indicating gang membership; (4) wears gang symbols to identify with a specific gang; (5) is in a photograph with known gang members and/or using gang-related hand signs; (6) name is on a gang document, hit list, or gang-related graffiti; (7) is identified as a gang member by a reliable source; (8) arrested in the company of identified gang members or associates; (9) corresponds with known gang members or writes and/or receives correspondence about gang activities; and (10) writes about gangs, which would be graffiti on walls, books, and/or paper). Although Investigator Wilhelmy did not specify which three criteria he relied on, he was "one hundred percent" certain that Adams is a Native Mob member and meets the BCA Gang Criteria. [ECF No. 29 ("Tr.") at 29:3–30:12.] Given Investigator Wilhelmy's 22 years' experience as a native gang expert and the facts he considered—including that Adams attended at least two Native Mob meetings in 2010 (which requires full-fledged membership) and was recorded coordinating drug deals with another Native Mob member— it was not error to rely on the determination that Adams is a gang member.

Next, Adam argues that the prison calls coordinating drug deals did not create reasonable suspicion justifying the extension of the traffic stop. Despite Adams' contention that the surveillance does not suggest that he traveled to the Twin Cities to conduct a drug deal, the specificity of the recorded calls suggest otherwise. In the phone calls, Adams discussed with James Jones— another Native Mob member— quantities and pricing of narcotics, and then Jones appeared to have arranged for Adams to purchase narcotics from a supplier. (Tr. 13–25.) In the recorded calls, Jones says Adams would not "be here until tomorrow," indicating Adams would be traveling to the Twin Cities. (Tr. 23:3–10.) Adams did travel to the Twin Cities area the following day. (Tr. 36:13–37:21.) It is reasonable to believe Adams was arranging a drug sale. Moreover, Trooper Otterson's reliance on the phone calls was one of many factors that contributed to his reasonable suspicion. *See United States v. Woods*, 829 F.3d 675, 680 (8th Cir. 2016) (receiving information that defendant was a drug trafficker contributed to the officer's reasonable suspicion). Thus, relying on the phone calls was not error.

Finally, Adams suggests it was error to justify the extension of the traffic stop based on the items in the vehicle and Adams' and his wife's nervousness because there are innocent explanations for these factors. In isolation, the nervous behavior and presence of the extra cell phone and air fresheners could be innocent, but considering the totality of the circumstances, including Trooper Otterson's training and experience, these factors were appropriately considered to constitute reasonable suspicion. *See United*

*States v. Briasco*, 640 F.3d 857, 860 (8th Cir. 2011) (finding reasonable suspicion existed when combining factors of nervousness, vague description of travel plans and criminal history, sagging car, and air fresheners, and considering the officer's training and experience); *United States v. Jones*, 990 F.2d 405, 407 (8th Cir. 1993) (concluding that information provided by other officers regarding possible drug trafficking, along with nervous behavior and deceptive answers provided reasonable suspicion). In total, these factors created reasonable suspicion justifying extending the traffic stop for the dog sniff.

Adams does not object to any other aspect of the R&R. The Court determines whether the recommendations are clearly erroneous or contrary to law when no objection has been made. *See* Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

Based on all of the files, records, and proceedings herein, the Court OVERRULES Defendant's objection [ECF No. 39] and ACCEPTS the R&R [ECF No. 32]. Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion to suppress search and seizure [ECF No. 23] is DENIED.

Dated: April 23, 2019                    BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge